UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CYNTHIA MORIARITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:06-cv-1413-DFH-TAB |
| | ) | |
| SUPERIOR COURT OF MARION, | ) | |
| COUNTY and ROBERT L. BINGHAM, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

ENTRY ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Cynthia Moriarity filed this action against the Superior Court of
Marion County and Chief Probation Officer Robert L. Bingham in his individual
capacity.  Moriarity alleges in Count I, brought pursuant to 42 U.S.C. § 1983,
that the Marion Superior Court and Bingham deprived her of a property interest
in her employment without due process.  Count II, also brought under Section
1983, alleges that the Marion Superior Court and Bingham deprived her of a
liberty interest in her good name and future employment without due process.
Count III alleges that the Marion Superior Court discriminated against her on the
basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.
§ 2000e, *et seq.*

Defendants have moved to dismiss Counts I and II for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The defendants also argue that Bingham is entitled to qualified immunity from damages on the Section 1983 claims.  For the reasons explained below, defendants' motion is granted in part and denied in part.  Further, pursuant to Rule 12(e) and Rule 16 of the Federal Rules of Civil Procedure, the court orders plaintiff to set forth within 14 days the factual basis for Counts I and II.

*Factual Background*

The court takes the following facts as true for purposes of defendants' motion to dismiss.  Marion Superior Court employed Moriarity as a Juvenile Probation Officer.  On June 15, 2005, Moriarity was charged with a crime not identified in the complaint.  One day later, Marion Superior Court terminated Moriarity's employment.  At the time Moriarity was terminated, Bingham told Moriarity to return to discuss her career opportunities once the criminal charges against her were resolved.

On November 15, 2005, Moriarity was found not guilty of the criminal charges.  Shortly thereafter, Moriarity contacted Bingham and requested employment in her previous position.  Defendants informed Moriarity by a letter dated November 28, 2005, that she would not be reinstated.

I.      *Applicable Standards*

For purposes of a motion to dismiss, the court must accept as true all well-pleaded factual allegations contained in the complaint and must draw all inferences in favor of the plaintiff. *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir. 1992). Under the liberal notice pleading standard in federal civil actions, the plaintiff is entitled to the benefit not only of those allegations but of any other facts she might assert that are not inconsistent with her allegations. Defendants are entitled to dismissal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Chaney v. Suburban Bus Div. of Regional Transp. Auth.,* 52 F.3d 623, 626-27 (7th Cir. 1995). "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." *Kolupa v. Roselle Park District,* 438 F.3d 713, 714 (7th Cir. 2006). Complaints "need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." *Id.* at 715.

II.     *Discussion*

A.      *42 U.S.C. § 1983 Claims Against Marion Superior Court*

As an initial matter, the court must dismiss all 42 U.S.C. § 1983 claims against the Marion Superior Court. Because it is a state entity, the Marion Superior Court is not subject to suit for damages under Section 1983.

Section 1983 authorizes a federal cause of action against "any person" who, while acting under color of state law, violates another person's federal rights. The Supreme Court has held that a state "is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). "County courts in Indiana are exclusively units of the judicial branch of the state's constitutional system." *Woods v. Michigan City*, 940 F.2d 275, 279 (7th Cir. 1991). Accordingly, the Marion Superior Court is a state entity. See *Lake County Juvenile Court v. Swanson*, 671 N.E.2d 429, 434 (Ind. App. 1996). Because the probation office "is an arm of the court, it like the court itself is a state entity and therefore not a 'person' under § 1983." *J.A.W. v. State*, 650 N.E.2d 1142, 1150-51 (Ind. App. 1995).

No set of facts would offer a Section 1983 remedy to the plaintiff against the Marion Superior Court. The court must dismiss all claims brought pursuant to 42 U.S.C. § 1983 against the Marion Superior Court.

**B.**   *Deprivation of a Property Interest without Due Process*

Count I of the complaint alleges that the defendants terminated Moriarity without a full and fair hearing, thereby depriving her of a property interest in her employment without due process of law. To prevail on this claim, Moriarity must show that (1) she had "a constitutionally protected property interest," (2) she was deprived of the interest, and (3) the deprivation occurred without due process of law. *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005). Protectable

property interests may be created from a variety of state law sources, including statutes, contracts, legally binding rules and regulations, or the "unwritten common law" of employment. *Moulton v. Vigo County*, 150 F.3d 801, 804 (7th Cir. 1998), quoting *Lawshe v. Simpson,* 16 F.3d 1475, 1480 (7th Cir. 1994).

Defendants argue that Moriarity was an at-will employee with no property interest in her job.  Indiana law provides that probation officers serve "at the pleasure of the appointing court." Ind. Code § 11-13-1-1(c); see Ind. Code § 33-33-45-12(a)(2); *In re Madison County Probation Officers' Salaries*, 682 N.E.2d 498, 500 (Ind. 1997) ("The Indiana Legislature has determined that probation officers serve at the pleasure of the courts that appoint them"); see also *Montgomery v. Stefaniak*, 410 F.3d 933, 939 (7th Cir. 2005) (finding that probation officer was an at-will employee even if court's personnel policy provided her with the right to a pre-termination hearing).

Despite Indiana's statutes, Moriarity could still establish a property interest in her employment from other state law sources.  *Moulton*, 150 F.3d at 804.  For example, Moriarity could show "that her employer adopted additional rules or regulations that gave her such a property interest." *Stefaniak*, 410 F.3d at 939; see *Moulton*, 150 F.3d at 805 (discussing other sources of state law, such as county policies, that could give rise to a property interest).

The complaint pleads no specific no facts indicating that Moriarity actually had a property interest in her employment; however, a court cannot grant a motion to dismiss because the complaint does not contain sufficient facts to prove the plaintiff's claim.  The Seventh Circuit has repeatedly cautioned district court judges not to be too quick to grant dismissals based on pleadings.  See, *e.g.*, *Scott v. City of Chicago*, 195 F.3d 950, 951-52 (7th Cir. 1999) (reversing dismissal); *Cook v. Winfrey*, 141 F.3d 322, 328 (7th Cir. 1998) (reversing dismissal in part and noting that defendant's and district court's "entire argument strays rather far afield from the minimal requirements of federal notice pleading").  "A complaint may not be dismissed unless it is impossible to prevail 'under any set of facts that could be proved consistent with the allegations.'"  *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Perhaps Moriarity's employers had policies, made statements, or produced documents that gave Moriarity a legitimate expectation of future employment sufficient to create a property interest.  Therefore, the court cannot at this time dismiss Count I for failure to state a claim upon which relief can be granted.

C.    *Deprivation of a Liberty Interest without Due Process*

Count II alleges that the defendants violated Moriarity's liberty interest in her good name and reputation without due process.  The Supreme Court has recognized that due process of law entitles a government employee to notice and an opportunity to be heard before the government takes action calling into

question the employee's "good name, reputation, honor, or integrity." *Board of Regents v. Roth*, 408 U.S. 564, 573 (1972), quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971).  The employee has a liberty interest, protected by the Due Process Clause, in the right to choose which profession or calling to pursue.  Before the government can deprive a person of that liberty interest by, for example, making public charges that will effectively foreclose her ability to pursue that calling, due process requires notice and an opportunity to be heard.  See *McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992) ("when the government terminates a public employee and makes false or substantially inaccurate public charges or statements that stigmatize the employee, that employee's liberty interest is implicated").

To prove a liberty interest due process claim, Moriarity must show (1) that she was fired (2) to the accompaniment of false charges of immorality, dishonesty, or the like, that (3) would stigmatize her to the extent of foreclosing future employment opportunities, and (4) that the employer is responsible for public disclosure of the charges.  See *Fittshur v. Village of Menomonee Falls*, 31 F.3d 1401, 1409 (7th Cir. 1994); *Ratliff v. City of Milwaukee*, 795 F.2d 612, 625-27 (7th Cir. 1986); see generally *Colaizzi v. Walker*, 812 F.2d 304, 307-08 (7th Cir. 1987).

Defendants argue that Moriarity has not alleged facts that support any of the elements of this claim.  As discussed above, courts may not grant Rule 12(b)(6) dismissals because the plaintiff has failed to allege specific facts or all elements

of a cause of action.  A motion to dismiss can only be granted only if there are no factual scenarios consistent with the complaint in which Moriarity could prove such a claim.  Without further facts, this court cannot determine whether Moriarity was fired to the accompaniment of false public charges that foreclosed future employment opportunities.  Nothing in the pleadings is inconsistent with the possibility that those facts exist.  Therefore, the court cannot dismiss this claim.

      D.    *Qualified Immunity for Defendant Bingham*

The defendants alternatively assert that Bingham is entitled to qualified immunity from damages liability.  Qualified immunity protects public officials who perform discretionary functions from liability for damages and even from suit for damages based on actions that do not violate clearly established constitutional law.  *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982).

In deciding whether qualified immunity is warranted, a court must answer two questions:  First, does the defendant's conduct as alleged in the complaint, amount to a constitutional violation?  Second, if so, were the constitutional standards clearly established at the time the defendant acted?   *Kernats v. O'Sullivan*, 35 F.3d 1171, 1176 (7th Cir. 1994).  If the answer to both questions is yes, then qualified immunity does not bar suit or damages liability.  *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).

Answering these questions can require a fact-specific inquiry.  Because few facts are required to survive a motion to dismiss, a sufficiently sparse complaint may be able to survive a motion to dismiss under Rule 12(b)(6) on grounds of qualified immunity under Rule 12(b)(6).  See, *e.g.*, *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) ("Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate").  At the same time, however, the Supreme Court has repeatedly instructed lower courts to decide qualified immunity at the earliest possible stage of the case to ensure that the defendant enjoys immunity from suit as well as from damages liability. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000) (describing dismissal on qualified immunity grounds as "a delicate matter"; collecting Supreme Court and Seventh Circuit cases on the subject; and suggesting procedural mechanisms for solving the problem).

This court does not yet have the necessary facts to find definitively that qualified immunity applies here.  To be sure, no specific factual allegations in the complaint indicate that Bingham violated clearly established constitutional standards, but, more important for this motion, there are no facts inconsistent with such a conclusion.  The court simply cannot grant defendants' motion for qualified immunity at this time.

Moriarity argues that her complaint meets the minimum pleading requirements, so the case should proceed to discovery.  The pleadings, however,

do not contain any factual allegations indicating that the claims have merit, including some elements as to which Moriarity certainly ought to know the basis for her claims.  This court need not allow a discovery fishing expedition on claims that are baseless or speculative simply because the complaint is sparse enough to survive a motion to dismiss.

To determine whether Moriarity's Section 1983 claims warrant continued time and attention from this court and the defendants, Moriarity is ordered to set forth in detail her factual basis for both Section 1983 claims.  Moriarity should, without discovery, be able to set forth the facts that give rise to at least some essential elements of each claim.  In particular, Moriarity must know whether she had an expectation in future employment and how that expectation arose. Further, Moriarity must know whether there was a public disclosure of her termination that stigmatized her and made finding future employment difficult and whether defendants Bingham was responsible for any such disclosure.

The court is acting pursuant to Rule 12(e) and Rule 16.  Rule 12(e) authorizes a court to order a more definite statement of the plaintiff's claims.  See *Jacobs*, 215 F.3d at 765 n.3 (recommending use of Rule 12(e) to address qualified immunity claims), citing *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).  Rule 16 allows courts to take appropriate actions to formulate and simplify the issues, including the elimination of frivolous claims or defenses.  Fed. R. Civ. P. 16(c)(1); see *Chavez v. Illinois State Police*, 251 F.3d 612, 654 (7th Cir. 2001) (finding Rule

16 can be used to determine the issues that justify proceeding to a full trial).  The advisory committee note explains that Rule 16(c)(1) clarifies and confirms "the court's power to identify the litigable issues."  Fed. R. Civ. P. 16(c)(1) advisory committee's note.  "It has been added in the hope of promoting efficiency and conserving judicial resources by identifying the real issues prior to trial, thereby saving time and expense for everyone." *Id.*  Further, the note explains that "[t]he timing of any attempt at issue formulation is a matter of judicial discretion." *Id.*

To help determine the litigable issues, this court orders Moriarity to file, within fourteen (14) days of the entry of this order, an affidavit setting forth her specific factual basis upon which the claims alleged in Counts I and II are based, with particular focus on any basis she had for believing her employment was not at-will and for believing that Bingham publicized the circumstances of her termination.

*Conclusion*

For the foregoing reasons, defendants' Motion to Dismiss all Section 1983 claims against Marion Superior Court is granted.  Defendants' Motion to Dismiss Counts I and II in their entirety is denied.  Bingham's request for qualified immunity is denied without prejudice.  Plaintiff is ordered to file an affidavit setting forth the specific factual basis underlying the claims alleged in Counts I and II within fourteen (14) days of the entry of this order.

So ordered.

Date: April 11, 2007

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana


Copies to:

Allison Wells Gritton
OFFICE OF CORPORATION COUNSEL
agritton@indygov.org

John H. Haskin
HASKIN LAUTER LARUE & GIBBONS
jhaskin@hlllaw.com

Andrew G. Jones
HASKIN LAUTER LARUE & GIBBONS
ajones@hlllaw.com